UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

In re                              :   Case No. 11-14079 (REG)

4331 RICHARDSON REALTY CORP.,      :   Chapter 11

                Debtor.      :

------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT
OF MOTION OF THE UNITED STATES TRUSTEE
TO DISMISS THIS CHAPTER 11 CASE WITH PREJUDICE
AND TO ENJOIN THE DEBTOR FROM FILING
FURTHER BANKRUPTCY CASES FOR A PERIOD OF ONE YEAR**

**TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:**

        The United States Trustee for Region 2 (the "United States Trustee") respectfully submits this memorandum in support of this motion (the "Motion") pursuant to 11 U.S.C. § 1112(b) for an order dismissing this Chapter 11 case with prejudice and enjoining the debtor, 4331 Richardson Realty Corp. (the "Debtor"), from further filings for a year.  In support thereof, the United States Trustee represents and alleges as follows:

**Preliminary Statement**

        Cause exists to dismiss this case because the Debtor has failed to comply with a Court order scheduling an initial case conference and because this case has been filed in bad faith.  In addition, where, as here, the Debtor has twice filed Chapter 11 petitions to stave off scheduled foreclosure sales in circumstances evidencing clear abuse of the bankruptcy system,

the dismissal should be with prejudice and a one-year bar to re-filing.

## Statement of Facts

### A. The First Bankruptcy Case

On November 15, 2010, the Debtor commenced its first bankruptcy case (the "**First Bankruptcy Case**") by filing a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code (Declaration of Serene K. Nakano ("**Nakano Dec.**"), Exh. D, ECF No. 1). According to the Debtor's Local Rule 1007-2 affidavit (id., Exh. E), the Debtor filed its petition due to an impending foreclosure sale of its building located at 4331 Richardson Ave., Bronx, New York, by Ponce de Leon Federal Bank (the "**Lender**") (the "**Property**") (id. ¶ 7).

By order entered June 21, 2011, the Court granted the United States Trustee's motion to dismiss the First Bankruptcy Case (id., Exh. D, ECF No. 20) based upon the Debtor's failure to file monthly operating reports and to pay its quarterly fees (id., Exh. D, ECF No. 15).

### B. The Second Bankruptcy Case

After the dismissal of the First Bankruptcy Case, the Lender re-noticed the foreclosure sale of the Property to be conducted on August 29, 2011 (Declaration of Bruce H. Ashbahian ("**Ashbahian Dec.**") ¶ 4, Exh. C thereto). On August 29, 2011, the Debtor filed a voluntary petition pursuant to Chapter 11 of the

Bankruptcy Code (Nakano Dec., Exh. F, ECF No. 1) in a transparent attempt to frustrate the sale.  No statement pursuant to Local Rule 1007-2 has been filed (id., Exh. F).  Debtor's proposed counsel, Kathleen Bradshaw, Esq., failed to appear for a meeting of creditors scheduled for September 27, 2011 (Nakano Dec. ¶ 3).  By Court order (id., Exh. G), an initial case conference was scheduled for October 5, 2011.  No one appeared on behalf of the Debtor at the October 5, 2011 Court conference (Declaration of Paul H. Schwartzberg ("**Schwartzberg Dec.**").

### ARGUMENT

### POINT ONE

### THIS CASE SHOULD BE DISMISSED

**A.   Cause Exists To Dismiss This Case**

Section 1112(b) of the Bankruptcy Code provides that the Court may dismiss a Chapter 11 case or convert it to a case under Chapter 7, depending upon which is in the best interest of creditors and the estate if the movant establishes "cause."  11 U.S.C. § 1112(b).[1]  The Bankruptcy Code describes a number of

---

[1] The Bankruptcy Technical Corrections Act of 2010 dated December 22, 2010 (the "Amendment"), amended Section 1112(b)(1) as follows:

> Except as provided in paragraph (2) ~~of this subsection,~~ and subsection (c~~) of this section, and section 1104(a)(3~~), on request of a party in interest, and after notice and a hearing~~, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interest of creditors and the estate~~,

3

factors, any one of which may constitute "cause" for either the conversion of a Chapter 11 case to a Chapter 7 case or the dismissal of a Chapter 11 case in its entirety. See 11 U.S.C. § 1112(b)(2). Among other things, "cause" includes the "failure to comply with an order of the court." Id. § 1112(b)(4)(E); see In re Babayoff, 445 B.R. 64, 80 (Bankr. E.D.N.Y. 2011) (Section 1112(b)(4)(E) "gives effect to the notion that compliance with court orders is a fundamental obligation of any party ..."). The debtor's failure to comply need not be willful or the product of

---

> the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, ~~if the movant establishes cause.~~ for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

PL 111-327, Dec. 22, 2010, 124 Stat 3557. "As a self-described technical amendment, the changes apply to cases pending and thereafter filed." In re Landmark Atlantic Hess Farm, LLC, 2011 WL 831724, at *3 n.14 (Bankr. D. Md. Mar. 3, 2011); see also In re Millwork Specialties, Inc., 2011 WL 1258141, at *2 (Bankr. E.D.N.Y. Apr. 1, 2011) (citing Landmark and noting that Amendment eliminated defense of unusual circumstances); cf. In re In re Picchi, 2011 WL 1364447, at *1 (1st Cir. 2011) (where Amendment was enacted while case was on appeal and parties did not request consideration of the Amendment, First Circuit applied law at the time of the Bankruptcy Court's decision). In any event, apart from removing the defense of unusual circumstances, the new language in Section 1112 should not materially change the factors a Court should consider in granting such a motion. Section 1104(a)(3) already requires the Court to consider if "cause" exists whether it is appropriate to convert or dismiss the case under Section 1112 or if a trustee or examiner is in the best interests of the creditors and the estate.

bad faith or fraud.  Id.

While the burden of showing cause rests with the moving party, In re FRGR Managing Member LLC, 419 B.R. 576, 580 (Bankr. S.D.N.Y. 2009), that burden can be met either by demonstrating the existence of one or more of the statutory grounds enumerated in Section 1112(b) or by showing other cause.  Id.; accord, In re BH S & B Holdings, LLC, 439 B.R. 342, 346 (Bankr. S.D.N.Y. 2010).

### 1. Cause Exists Under Section 1112(b)(4)(E)

Here, by order entered on August 31, 2011 (Nakano Dec., Exh. G), the Court scheduled an initial case conference to be held on October 5, 2011.  Neither the Debtor nor anyone on the Debtor's behalf appeared at the Court conference (Schwartzberg Dec.).  As a consequence, the Debtor has failed to abide by the Court order scheduling the conference, and cause to dismiss exists pursuant to Section 1112(b)(4)(E) of the Bankruptcy Code. 11 U.S.C. § 1112(b)(4)(E); Babayoff, 445 B.R. at 80.

### 2. Bad Faith Filing

Lack of good faith in filing a Chapter 11 case also constitutes cause to convert or dismiss a case under Section 1112(b) of the Bankruptcy Code.  See In re 698 Flushing Realty Corp., 335 B.R. 17, 20-21 (Bankr. E.D.N.Y. 2005) (citing C-TC 9th Ave. Partnership, 113 F.3d 1304, 1311 (2d Cir. 1997)); see, also, In re Canbec Investment Corp., 349 B.R. 915, 918 (Bankr. M.D. Fla. 2006) ("A court may dismiss a Chapter 11 case if a petition

5

for relief was filed without good faith."); In re Syndicom Corp., 268 B.R. 26, 48 (Bankr. S.D.N.Y. 2001) ("Cause, for either dismissal or relief from stay, may be found based on unenumerated factors, including 'bad faith' ....") (citing, inter alia, C-TC, 113 F.3d at 1313). A bad faith filing is one where the "totality of the circumstances" indicate that reorganization is not the "proper course of action in a particular case." In re Fraternal Composite Serv., Inc., 315 B.R. 247, 249 (Bankr. N.D.N.Y. 2003) (internal quotations omitted), aff'd, 315 B.R. 253 (N.D.N.Y. 2004).

In C-TC, 113 F.3d 1304, the Second Circuit Court of Appeals enumerated a non-exclusive list of factors to be considered in determining the case was filed in bad faith:

(1) the debtor has only one asset;

(2) the debtor has few unsecured creditors whose claims are small in relation to those of the secured creditors;

(3) the debtor's one asset is the subject of a foreclosure action as a result of arrearages or default on the debt;

(4) the debtor's financial condition is, in essence, a two party dispute between the debtor and secured creditors which can be resolved in the pending state foreclosure action;

(5) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights;

(6) the debtor has little or no cash flow;

(7) the debtor can't meet current expenses including the payment of personal property and real estate taxes; and

(8) the debtor has no employees.

Id. at 1311; accord Syndicom, 268 B.R. at 50 (citing C-TC factors).

Most of the factors cited by the C-TC court are present here: (1) the Debtor's sole asset is the Property;[2] (2) the Debtor has no unsecured creditors; (3) the Debtor filed on the same day as a scheduled foreclosure sale; (4) this is a two-party dispute between the Debtor and its Lender; (5) as noted, the Debtor filed on the same day as a scheduled foreclosure sale; and (6)-(8) the information in factors six through eight is unknown because the Debtor has not filed a Local Rule 1007-2 affidavit or monthly operating reports.

In sum, where, as here, most of the C-TC factors are present, the Court should find that the Second Bankruptcy Case was filed in bad faith, which constitutes cause to dismiss the case.

B. **This Case Should Be Dismissed**

If -- as it should -- the Court finds there is "cause" under Section 1112(b), the Court must then decide whether it is in the best interests of creditors to dismiss the case, or to

---

[2] According to its Schedule B, the Debtor had a nominal ($1,500) amount of cash as of the petition date.

convert it to a Chapter 7 case.  FRGR, 419 B.R. at 580; In re Hampton Hotel Investors, L.P., 270 B.R. 346, 359 (Bankr. S.D.N.Y. 2001).  Here, as noted, the Property is the Debtor's sole asset.  Presumably, if the case is converted, the Lender will seek to lift the automatic stay to pursue its state court remedies.  In the event the Court were to grant a lift-stay motion, there would be nothing to administer in a Chapter 7 case.

**POINT TWO**

**THE DEBTOR SHOULD BE ENJOINED
FROM FILING FURTHER BANKRUPTCY
CASES FOR ONE YEAR**

Under 11 U.S.C. § 349(a), bankruptcy cases are presumptively dismissed without prejudice to re-filing.  Cumulatively, the facts of this case reflect bad faith and non-compliance with the Bankruptcy Code.  Section 105, the bankruptcy equivalent of the All Writs Act, confers on the Court power to take actions to prevent such bankruptcy abuses.

In In re Casse, 198 F.3d 327, 341 (2d Cir. 1999), the Second Circuit recognized that bankruptcy courts could dismiss cases with prejudice to re-filing for periods longer than the 180 days set forth in Section 109(g) when sequential filings are involved or when the Court otherwise needs to curtail abuses; see also In re Bridge to Life, Inc., 2006 WL 1329778 (E.D.N.Y. 2006) (affirming Bankruptcy Court's refusal to reconsider dismissal of Chapter 11 case with prejudice under Casse); In re Armwood, 175

8

B.R. 779, 787-88 (Bankr. N.D. Ga. 1994 (debtor's fifth Chapter 13 petition dismissed with prejudice with 180-day bar); In re Gros, 173 B.R. 774, 776-77 (Bankr. M.D. Fla. 1994) (debtor's fifth filing in two years dismissed with prejudice with bar on future filing without leave of court).

Here, the Debtor filed its First Bankruptcy Case on the eve of a foreclosure sale. After the Court granted this Office's motion to dismiss the First Bankruptcy Case, the Lender re-scheduled the sale. The Debtor then filed its Second Bankruptcy Case on the same day as the scheduled sale. Tellingly, this Debtor has not evidenced an intent to reorganize in either the First or Second Bankruptcy Case. The Debtor did not attend an initial case conference in the First Bankruptcy Case (Declaration of Brian S. Masumoto). It did not file any monthly operating reports in the First Bankruptcy Case (Nakano Dec., Exh. D), prompting this Office to file a motion to dismiss. The Debtor did not attend an initial case conference in the Second Bankruptcy Case (Schwartzberg Dec.). Its counsel did not attend a meeting of creditors in the Second Bankruptcy Case (Nakano Dec. ¶ 3). It has not retained counsel in the Second Bankruptcy Case; nor has it filed any monthly operating reports or a Local Rule 1007-2 affidavit in the Second Bankruptcy Case (Nakano Dec., Exh. F). Accordingly, in light of the repeat bankruptcy filings and the Debtor's failure to fulfill its fiduciary duties in the First

9

and Second Bankruptcy Cases, this Office requests a one-year bar to re-filing.

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order dismissing this Chapter 11 case with prejudice pursuant to 11 U.S.C. § 1112(b), enjoining the Debtor from filing further bankruptcy cases for a one-year period, and granting such other and further relief as may be deemed just and proper.

Dated:  New York, New York
        November 7, 2011

                                Respectfully submitted,

                                TRACY HOPE DAVIS
                                UNITED STATES TRUSTEE

                        By:     /s/ Serene K. Nakano
                                SERENE K. NAKANO
                                Trial Attorney
                                33 Whitehall Street, 21st Floor
                                New York, New York 10004-2112
                                Tel. No. (212) 510-0505